IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERT SCHOEPS and CHRISTIANE SCHOEPS, as heirs and beneficiaries of SANDRA SCHOEPS, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>WHITEWATER ADVENTURES LLC and MARK GHOLSON,<br><br>Defendants._____/ | No. C 04-2310 JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is the motion to dismiss filed by Defendants Whitewater Adventures LLC ("Whitewater") and Mark Gholson ("Gholson") (collectively, "Defendants"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 6, 2006 is VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS Defendants' motion to dismiss.

**BACKGROUND**

Sandra Schoeps ("Sandra") died during a whitewater rafting trip on Cache Creek organized by Whitewater and its managing owner, Gholson. In 2002, Sandra's parents, Plaintiffs Hubert Schoeps and Christiane Schoeps (collectively "the Schoeps") filed a wrongful death action in this Court against Whitewater and Gholson, alleging negligence, breach of contract and intentional misrepresentation arising from Sandra's death. This Court granted

Whitewater and Gholson summary judgment on all claims. The judgment was affirmed on appeal.

In the 2002 action, the Schoeps alleged that Defendants were in the business of providing commercial rafting and water tours and transportation and undertook duties of reasonable care and duties under the contract of carriage and as a common carrier. (Defendants' Request for Judicial Notice, Ex. A at ¶ 6.)[1] The Schoeps also alleged that Defendants were negligent in planning the operation maintenance and control of the rafting tour and in failing to instruct or to adequately protect Sandra and to provide her with safe and reliable equipment, training and guidance. (*Id*., Ex. A at ¶ 7.) The Schoeps further alleged that Defendants were negligent with respect to rescuing Sandra by failing to adequately attempt to locate her, rescue her, report the incident, or obtain other help. (*Id*., Ex. A at ¶ 7.)

In the instant action, the Schoeps repeat the same factual allegations. (Complaint, ¶¶ 7, 9-10.) The Schoeps add an allegation that Cache Creek, where the accident occurred, is a body of navigable water, and thus, contend that Defendants are liable pursuant to maritime law for the above alleged negligence. (*Id*. at ¶¶ 3, 8, 15.) Defendants now move to dismiss the instant action, arguing that it is barred by the doctrine of res judicata.

## ANALYSIS

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when, as between two (or more) actions, there is "'(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id.*

Here, there is no dispute that the parties to the two actions are the same or that there was a final judgment on the merits in the 2002 action. The only dispute is whether there is an "identity of claims" between the two actions for purposes of res judicata. Courts look to the following criteria to determine whether an "identity of claims" exists:

---

[1] The Court GRANTS the Defendants' requests for judicial notice. Fed. R. Evid. 201.

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The most important criteria in this inquiry is whether the suits arise out of the same transactional nucleus of facts. *Id.* at 1202.

The Schoeps are seeking redress for the same alleged conduct by Defendants and for the same harm - the death of their daughter. Both actions concern Defendants' alleged negligent conduct with respect to their whitewater rafting trips and their alleged failure to protect and save Sandra. Thus, both actions involve the same nucleus of facts. *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1080 (9th Cir. 2003) (finding res judicata barred claim where conduct alleged to have caused harm involved the same nucleus of facts addressed in previous action). That this action is brought under a different legal theory, maritime law, does not alter the application of res judicata. *See McLain v. Apodoca*, 793 F.2d 1031, 1034 (9th Cir. 1986) (plaintiff cannot avoid bar of res judicata by alleging conduct not alleged in first action or by pleading a new legal theory); *see also Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cr. 1992) (seeking the same relief under a different legal theory or substantive law does not constitute a new claim).

The Schoeps argue that they could not have brought this claim based on maritime law in the first action because they did not know that Cache Creek was a navigable waterway when they initially filed the first action in 2002. However, "[i]gnorance of a party does not ... avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing party." *Western Systems*, 958 F.2d at 871-72. Here, the Schoeps contend that the information regarding whether Cache Creek is navigable was "in the sole custody" of Defendants, but do not contend that Defendants concealed such information or made any misrepresentations regarding Cache Creek. (Opp. at 2.) Moreover, even if Defendants had initially caused the Schoeps' ignorance, the Schoeps had access to the information they contend demonstrates Cache Creek is navigable *before* they filed their opposition to the motion for

summary judgment in the 2002 action. (Opp. at 4.) The Schoeps could have sought leave to file an amended complaint to assert a claim under maritime law in the 2002 action. *See Western Systems*, 958 F.2d at 872 (finding that where evidence was presented regarding the alleged new facts during the litigation of the previous matter, the plaintiffs were on notice of their potential claim and thus such claim was barred by res judicata). Moreover, the additional information relevant to whether or not Cache Creek is a navigable waterway does change the fact that the two actions arise out of the same transactional nucleus of facts. *See Owens*, 244 F.3d at 714-15 (rejecting plaintiffs' argument their receipt of right to sue letters from the Equal Employment Opportunity Commission after the first suit asserting state law claims for discrimination had been dismissed precluded res judicata). Accordingly, the Court concludes that this action is barred by the doctrine of res judicata and on this basis grants Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with prejudice. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: January 5, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE